# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RIMKUS CONSULTING GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-07-0405 |
| | § | |
| NICKIE G. CAMMARATA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Defendants Nickie G. Cammarata and U.S. Forensic move to consolidate this case with *Rimkus Consulting Group*, *Inc. v. Gary Bell*, Civ. A. No. H-07-910, currently pending before another judge in this district. (Docket Entry No. 204). Rimkus Consulting Group, Inc. ("Rimkus") opposes consolidation, (Docket Entry Nos. 207, 208, 209). Based on a careful review of the motions and responses; the record; and the applicable law, this court grants the defendants' motion to consolidate. The reasons are explained below.

**I.     Background**

In both lawsuits, Rimkus sued a former employee to enforce noncompetition and nonsolicitation covenants and to enjoin the employee from using or disclosing trade secrets and confidential information. Rimkus is a forensic engineering contractor based in Houston, Texas. Cammarata and Bell worked in Rimkus's New Orleans office. After resigning from Rimkus, Cammarata and Bell created and immediately began to work for U.S. Forensic. Like Rimkus, U.S. Forensic provides investigative and forensic services, primarily to determine

the cause, origin, and extent of losses from failures and accidents. The parties do not dispute that U.S. Forensic competes with Rimkus in providing investigative and forensic engineering services, although U.S. Forensic does not offer as broad a range of services as Rimkus. Rimkus has 30 offices in 18 states and performs forensic engineering services across the country. U.S. Forensic currently has offices in Louisiana, Mississippi, and Florida and employs engineers registered in twenty states. Most of U.S. Forensic's clients are in Louisiana and most of the company's work is performed in that state. Cammarata and U.S. Forensic are defendants in this case. U.S. Forensic was dismissed from the *Bell* case.

Rimkus filed these two suits after Cammarata and Bell sued Rimkus in Louisiana, seeking a declaratory judgment that the noncompetition and nonsolicitation provisions in their employment agreements were invalid. The employment agreements specified that Texas law applied; Cammarata and Bell lived in Louisiana and primarily worked in Louisiana. Under Louisiana law, noncompetition and nonsolicitation covenants, and forum-selection and choice-of-law clauses in employment agreements, are generally unenforceable as against public policy. On July 26, 2007, the Louisiana state court granted Cammarata and Bell's motion for partial summary judgment, concluding that Louisiana law rather than Texas law applied to the agreements and "that, pursuant to Louisiana law, the covenant not to compete clauses contained in Paragraphs 8(a) and the non-solicitation of customer(s) clauses contained in Paragraphs 8(c) of the respective contracts are invalid and unenforceable." (Docket Entry No. 71, Ex. H).

After a three-day hearing on Rimkus's preliminary injunction application, this court concluded that Rimkus was not entitled to injunctive relief against Cammarata. (Docket Entry No. 159). The parties in the *Cammarata* case are engaged in discovery, with a discovery cut-off of January 9, 2009 and docket call set for March 27, 2009. The parties in the *Bell* case are also engaged in discovery; but there has been no hearing on Rimkus's request for an injunction. Docket call in the *Bell* case is set for March 7, 2009.

**II.    Analysis**

Under Fed. R. Civ. P. 42(a), "actions involving a common question of law or fact" may be consolidated. The district court has broad discretion in determining whether two or more actions have common questions of law and fact and whether to consolidate. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). However, "consolidation is improper if it would prejudice the rights of the parties." *St. Bernard General Hosp., Inc. v. Hospital Service Assoc. Of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983), *cert. denied*, 466 U.S. 970 (1984). A court considers whether: (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law and/or fact; (4) there is risk of prejudice or confusion if the cases are consolidated, and if so, the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, Civ. A. Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007). The court also considers whether the cases are at

different stages of trial preparation.  *Mills*, 886 F.2d at 762 ("[c]onsolidation may properly be denied in instances where the cases are at different stages of preparedness for trial").

"[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge suits into a single cause or change the rights of the parties." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *see also McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("consolidation does not cause one civil action to emerge from two").  Instead, courts have emphasized that after consolidation, "the two suits retain their separate identities" even to the point that each requires "the entry of a separate judgment." *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984).  Such separation prevents consolidation from "depriv[ing] a party of any substantial rights that he may have had if the actions had proceeded separately." *Id.*

Both actions at issue are pending in the same district.  They involve common parties. Rimkus is the plaintiff in each suit and the individual defendants are former Rimkus employees.  There are numerous common questions of fact and law.  All Rimkus's allegations arise out of Cammarata and Bell's decisions to resign from Rimkus and form U.S. Forensic and Rimkus's enforcement of the noncompetition, nonsolicitation, and confidentiality agreements. Rimkus filed both these actions after Cammarata and Bell sought declaratory judgments in Louisiana state court that the noncompetition and nonsolicitation provisions were invalid.  These actions also both involve the preclusive effect of the Louisiana court's judgment in other states.  Rimkus also alleges virtually identical causes of action against Cammarata and Bell for breach of contract, unfair competition, and

misappropriation of trade secrets.

Rimkus points to differences between the two actions in now arguing against consolidation. Rimkus has alleged causes of action against Bell for breach of fiduciary duty and disparagement. Rimkus asserts that the noncompetition provision in Bell's stock purchase agreement is "materially different" than the provision in Cammarata's employment agreement because it is broader in geographic scope and effective for a longer period. These differences are outweighed by the substantial numerous common issues of fact and law between these two actions.

Rimkus argues that consolidation would be prejudicial because the trial of the *Cammarata* case could be delayed. Rimkus asserts that because the issue of injunctive relief has not been tried and less discovery has been exchanged in *Bell*, the *Cammarata* trial date would be placed on hold while these issues were resolved. Rimkus also argues that consolidation would confuse the jury because the contract terms are not identical and U.S. Forensic is a defendant in the *Cammarata* case but not the *Bell* case.

Docket call in both cases is currently scheduled for March 2009. Any delay in the trial date for *Cammarata* caused by consolidation is substantially outweighed by the numerous common issues, the risk of inconsistent adjudications if the cases proceeded separately, and the conservation of time and money resulting from consolidation. This court could arrive at opposite conclusions from the court in *Bell* regarding the enforceability of the contract provisions, the confidentiality of certain Rimkus information, or a number of other common questions of law. Consolidation will conserve time, money, and judicial resources.

Many of the witnesses in both cases will be identical and would have to be deposed twice. Moreover, the possibility of jury confusion at trial does not preclude consolidation. *See Janney Montgomery Scott*, *Inc. v. Unibank PLC*, 1994 WL 34197, at *2 (E.D. Pa. Feb. 4, 1994) (where two actions both involved breach of contract claim but only one involved tortious interference claim, the "simple fact that a jury would need to resolve additional issues of law in order to find [one of the defendants] liable [was] not sufficient grounds to prevent consolidation"). Any risk of confusion can be adequately addressed by particularized jury instructions, a special verdict form, or even separate trial. FED. R. CIV. P. 42(b).

Rimkus also asserts that it would be prejudiced because the *Cammarata* case is scheduled for jury trial, while the *Bell* case is set for a bench trial. The waiver of a jury trial in an action does not foreclose consolidation. *See Truckstop.net*, *LLC. v. Sprint Corp.*, No. CV-05-138-S-BLW, 2006 WL 851129 at *2 (D. Idaho Mar. 30, 2006) (granting motion to consolidate two actions despite a jury waiver in one action and a proper demand in the other).

### III. Conclusion

After balancing the risks of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and judicial resources posed by two lawsuits, and the length of time required to conclude two suits as opposed to one, this court concludes that consolidation is appropriate.

The defendants' motion to consolidate is granted.

SIGNED on December 12, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge