IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIMKUS CONSULTING GROUP, INC. <br> Plaintiff <br><br> v. <br><br> NICKIE G. CAMMARATA, <br> Defendant | § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br> CIVIL ACTION NO. 4:07-cv-00405 <br><br> **Jury Trial Demanded** |
| RIMKUS CONSULTING GROUP, INC. <br> Plaintiff <br><br> v. <br><br> GARY BELL and U.S. FORENSIC, LLC <br> Defendants | § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br> CIVIL ACTION NO. 4:07-cv-0910 <br><br> **Jury Trial Demanded** |

**PRELIMINARY INJUNCTION**

BE IT REMEMBERED that on October 6, 2009 the Court considered an agreement reached by the parties as to parts of Rimkus Consulting Group, Inc.'s Motion for Temporary Injunction and Request for Hearing and based on the pleadings, the evidence and the agreement of Gary Bell, U.S. Forensic, LLC and Rimkus Consulting Group, Inc. ("Rimkus"), the Court is of the opinion that the agreed portions of Rimkus' request for a Preliminary Injunction should be granted, though the Court expresses no opinion at this time as to the portions of the request to which the parties have not reached an agreement, those remaining issues not having yet been heard. The Court makes the following Findings and issues the following Orders:

*1.   Appearances*

Plaintiff, Rimkus, appeared personally through its president, Curtis Brown, and through its counsel of record, J. Randal Bays and David Ward.

Defendant, Gary Bell, appeared personally and through his counsel of record, Larry Demmons.

Defendant, U.S. Forensic, LLC, appeared through its managing member, Gary Bell, and through its counsel of record, Larry Demmons.

2.   *Jurisdiction*

The Court, after examining the record, finds that all necessary prerequisites of the law have been legally satisfied and that the Court has jurisdiction of this case and of all the parties.

3.   *Reasons for the Issuance of the Preliminary Injunction*

This preliminary injunction has issued as a result of the agreement of the parties and the admission by Gary Bell and U.S. Forensic, LLC that the six attachments to the document filed under seal in this Court in this case as Document 411 are or were in their possession.

4.   *Preliminary Injunction*

Per the agreement of the parties to the imposition of a preliminary injunction on the items presented in Rimkus Consulting Group, Inc.'s Motion for Temporary Injunction and Request for Hearing in paragraph 12 items (a), (b), (c), and (i), IT IS ORDERED that:

    a.    Gary Bell, his assigns, and all persons or entities acting in concert with or at the direction of Gary Bell, and U.S. Forensic, LLC, its employees, members, managers and its agents must return all tangible copies of the six attachments to the document filed under seal in this Court in this case as Document 411, as well as all parts thereof, to Rimkus by no later than Friday, October 9, 2009;

    b.    Gary Bell, his assigns, and all persons or entities acting in concert with or at the direction of Gary Bell, and U.S. Forensic, LLC, its employees, members, managers and its agents must cease using the six attachments to the document filed under seal in this Court in this case as Document 411, as well as all parts thereof;

    c.    Gary Bell, his assigns, and all persons or entities acting in concert with or at the direction of Gary Bell, and U.S. Forensic, LLC, its employees, members, managers and its agents must purge and/or cause to be purged from every computer system in

> > which Gary Bell and/or U.S. Forensic, LLC has stored the six attachments to the document filed under seal in this Court in this case as Document 411, as well as all parts thereof; and
>
> i. Gary Bell, his assigns, and all persons or entities acting in concert with or at the direction of Gary Bell, and U.S. Forensic, LLC, its employees, members, managers and its agents must not possess in whole or part the six attachments to the document filed under seal in this Court in this case as Document 411, as well as any part thereof.

*4.    Duration*

This preliminary injunction shall be in full force and effect until a Judgment rendered in this case becomes final or until further Order of this Court.

*5.    Bond*

Under the circumstances of this case as presented through the evidence which the Court considered, particularly that Gary Bell and U.S. Forensic, LLC admit that Document 411 (Exhibit A to the hearing of October 6, 2009) is or was in their possession, the Court finds that it is not necessary for Rimkus to post a bond.

*6.    Issuance of Writ*

The Clerk is ORDERED to issue a Writ of Preliminary Injunction in conformity with the terms of this Order, and deliver same to the U.S. Marshal's Service, or to the Rimkus, as the latter shall direct. The Writ of Preliminary Injunction maybe served outside the Southern District of Texas and outside the State of Texas for Gary Bell is a citizen of Louisiana and U.S. Forensic, LLC is a Louisiana Limited Liability Company with its principal office in Louisiana. In addition to the U.S. Marshal's Service, the Writ of Preliminary Injunction may be served by the Sheriff of Orleans Parish, Louisiana, or any deputy sheriff of Orleans Parish, Louisiana, the Sheriff of Jefferson Parish, Louisiana, or any deputy sheriff of Jefferson Parish, Louisiana, the Sheriff of Saint Tammany Parish,

Louisiana, or any deputy sheriff of Saint Tammany Parish, Louisiana, the Sheriff of Saint Bernard Parish, Louisiana, or any deputy sheriff of Saint Bernard Parish, Louisiana, the Sheriff of Plaquemines Parish, Louisiana, or any deputy sheriff of Plaquemines Parish, Louisiana.

SIGNED on October 8, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge